**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**ALFRED HUGHERY,**                                                                 **PETITIONER**

**v.**                     **No. 2:05CV251-M-A**

**LAWRENCE KELLY, ET AL.**                                         **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Alfred Hughery for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed, and the petitioner has responded. The matter is ripe for review. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be **DISMISSED** with prejudice as untimely filed under 28 U.S.C. § 2244(d).

**Facts and Procedural Posture**

On October 12, 1990, Alfred Hughery entered a plea of guilty to one count of conspiracy to commit grand larceny and one count of grand larceny in the Second Judicial District of the Circuit Court of Panola County, Mississippi. Hughery was sentenced on Count One (conspiracy) to serve a term of five years (sentence suspended pending the good behavior of the petitioner) to run consecutive to a sentence previously imposed in Cause No. 99-89-C(P1). As to Count Two (grand larceny), the petitioner was sentenced to serve a term of five years (sentence suspended pending the good behavior of the petitioner) to run consecutive to the sentence in Count One – and also consecutive to the sentence previously imposed in Cause No. 99-89-C (P1). Both sentences were to be served in the custody of the Mississippi Department of Corrections.

The petitioner filed a state post-conviction petition in the circuit court on January 27, 2004. The circuit court denied the petition March 26, 2004. The petitioner appealed the circuit court's denial of his state post-conviction petition to the Mississippi Supreme Court. The cause was assigned to the Mississippi Court of Appeals, which affirmed the circuit court's decision April 19, 2005. *Hughery v. State*, 915 So. 2d 457 (Miss. App. 2005) (Cause No. 2004-CP-00825, *reh'g. denied*, September 20, 2005, *cert. denied*, December 1, 2005.

## Discussion

28 U.S.C. § 2244(d) provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

By statute, there is no direct appeal from a guilty plea in Mississippi state court. MISS. CODE ANN. § 99-35-101. The petitioner's conviction thus became final November 11, 1990, thirty days after he was sentenced on his guilty plea. *Acker v. State*, 797 So.2d 966 (Miss. 2001) (deadline of thirty days to appeal from a guilty plea alleging an illegal sentence – an exception to MISS. CODE ANN. § 99-35-101). The AEDPA's one-year time limit does not, however, begin to run against a state prisoner prior to the statute's date of enactment – April 24, 1996. *Fierro v. Cockrell,* 294 F.3d 674, 679 (5th Cir. 2002); *Kiser v. Johnson*, 163 F.3d 326, 327-28 (5th Cir. 1999). In other words, all state convictions prior to April 24, 1996, are considered final as of that date for purposes of the AEDPA's period of limitation. Hence, the petitioner's conviction became final (for the purposes of the AEDPA) on April 24, 1996 – leading to a federal *habeas corpus* deadline of April 24, 1997. The petitioner did not file a motion for post-conviction relief between April 24, 1996 (beginning of the petitioner's federal limitations period) and April 24, 1997 (the date the federal limitations period expired). The petitioner's state post-conviction pleadings filed after the expiration of the federal limitations period did not trigger statutory tolling under 28 U.S.C. § 2244(d)(2).

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on December 20, 2005, and the date it was received and stamped as "filed" in the district court on December 21, 2005. Therefore, the

instant petition was filed over *eight years* after the filing deadline of April 24, 1997. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14. As such, the instant petition for a writ of *habeas corpus* shall dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 29th day of August, 2006.

    **/s/ Michael P. Mills**
**UNITED STATES DISTRICT JUDGE**